## SOSTHEIM *v.* SOSTHEIM.

[No. 27,524. Filed March 26, 1941.]

*Bloom & Bloom,* of Columbia City, for appellant.
*Gates & Gates,* of Columbia City, for appellee.

RICHMAN, J.—There are only two questions raised by this appeal both arising on conflicting evidence which we are asked to weigh. Divorce was granted to appellee on his complaint.

It is claimed that the trial court did not have jurisdiction because appellee's residence in the state for one year and in Kosciusko county, where the action originated, for at least six months immediately preceding the filing of the action, was not sufficiently proved as required by § 3-1203, Burns' 1933, § 904, Baldwin's 1934. Two householders testified that he had resided in Kosciusko county for more than the six months and two others that he had resided in Indiana for more than the year immediately preceding the filing of his petition which occurred September 21, 1938. The opinions in *Coulter* v. *Coulter* (1937), 103 Ind. App. 565, 567, 9 N. E. (2d) 141, and in *McMurrey* v. *McMurrey* (1936), 210 Ind. 595, 596, 4 N. E. (2d) 540, render unnecessary any elaboration of this point. The cases are parallel. Residence was sufficiently proved to the satisfaction of the trial court.

The latter case likewise disposes of the only other question, insufficiency of the evidence to sustain the decision. It would serve no good purpose to review the evidence which is quite conflicting. The gravamen of the action was cruel and inhuman treatment and the testimony of appellee alone is amply sufficient, for the court will not weigh the evidence but will affirm the judgment if there was any evidence from which the trial court could reasonably have inferred the ultimate facts necessary to his decision.

But appellant insists that the evidence inescapably points to appellee's adultery so that the principles stated

in *Eikenbury* v. *Eikenbury* (1904), 33 Ind. App. 69, 70 N. E. 837, and *Eward* v. *Eward* (1920), 72 Ind. App. 638, 125 N. E. 468, are applicable. The latter was disapproved in *McMurrey* v. *McMurrey, supra.* The interests of society require, as stated in the Eikenbury case, that the trial court inquire into the facts to discover if the complaining party should be denied a divorce because of his own misconduct. In cases where the defendant is defaulted the prosecuting attorney must appear for that and other reasons. But when the trial judge has performed that duty it is not our province to disturb his decision except for errors of law.

The evidence disclosed that appellee and his house-keeper, who was also his secretary, occupied the same apartment with separate sleeping rooms. There was opportunity for misconduct but we find in the record no direct evidence thereof. If such there was, it was incumbent upon appellant to point it out, which has not been done. Living in adultery is a criminal as well as marital offense. The trial court might have inferred an adulterous cohabitation but his conclusion was to the contrary. If it had been otherwise, criminality being involved, appellee could reasonably have contended that the decision was wrong. See *Sams* v. *State* (1924), 195 Ind. 497, 503, 145 N. E. 773, 774; *Warner* v. *State* (1931), 202 Ind. 479, 484, 175 N. E. 661, 663, which hold that in a criminal case the "presumption of innocence is not overcome by the mere proof that the parties had an opportunity to commit a crime if they were so inclined." The Sams case was reversed for insufficiency of such evidence to sustain the verdict. These cases are not in conflict with *Weidenhammer* v. *State* (1914), 181 Ind. 349, 103 N. E. 413, 104 N. E. 577, cited by appellant.

The judgment is affirmed.

NOTE.—Reported in 32 N. E. (2d) 699.