VAN ANTWERP *v.* VAN ANTWERP.

[No. 18,542. Filed October 29, 1954.]

*Leon D. Cline, Allen E. Goltra, Arthur King* and *Charles Wells,* all of Columbus, for appellant.

*Edward J. Morrison,* of Columbus, for appellee.

KENDALL, J.—Appellee brought this action for divorce alleging cruel and inhuman treatment on the part of the appellant.

Appropriate answer was filed by appellant under Rule 2-3 of the Supreme Court. An absolute divorce was granted by the trial court to the appellee after which appellant filed Motion for New Trial containing two specifications, namely: that the decision of the court was not sustained by sufficient evidence and was contrary to law.

The only proper assignment of error is that the trial court erred in overruling appellant's Motion for New Trial which questions the sufficiency of the evidence and the legality of the decision.

The appellant contends first that there was not sufficient evidence of alleged acts of cruel and inhuman treatment, and, second, that if there was such evidence, the alleged acts of cruel and inhuman treatment were condoned by appellee.

The parties were married September 2, 1950. The appellee had filed a complaint for divorce prior to this one, after which there was a reconciliation resulting in the dismissal of the first case December 17, 1952. Thereafter, the parties lived together until the final separation, March 24, 1953.

Evidence was adduced at the trial that the reconciliation in December, 1952, was made on appellant's promise to appellee that if she would take him back he would go to church with her and "would do better than what he had done." There was evidence that prior to the filing of the first complaint that appellant ran around with women, drank to excess, failed to pay his bills, struck the appellee, had gotten angry with her, which made her nervous, had told her he wanted to go "boogey-woogey."

The appellant denied categorically each allegation of the cruel and inhuman treatment as alleged and proven by appellee. This was the fourth separation of the parties. The evidence most favorable to appellee from which the trial court could find that the appellant was guilty of cruel treatment as charged was that after the reconciliation he refused to go to church with appellee; that he was seen at taverns with women; that he did not pay his bills; that he told appellee that he was dissatisfied with her; that he put a wrestler's hold on appellee's leg, causing pain and suffering; that he hit her with a pillow with such force as to injure her neck. That as a result of such misconduct on appellant's part, appellee became extremely nervous; that prior to the last separation he hit her on the arm making black and blue spots; that appellant made indecent exposure of his person in the face of their baby and within the presence of appellee; that she found his handkerchief with lipstick and that he admitted being convicted of public intoxication in the City Court at Columbus, Indiana.

The record in this case is replete in that it shows a course of conduct by appellant toward his wife before the first separation and after the alleged reconciliation which tended to humiliate and degrade her and which, in our opinion, could properly be

characterized as cruel and inhuman to the date of final separation.

Cruel treatment, as contemplated by our divorce laws, is not limited to acts of physical violence, although there was in this case such evidence of violence. It is generally held that any unjustifiable conduct by one spouse toward the other which ultimately destroys the legitimate ends and objects of matrimony constitutes cruelty though no physical or personal violence may be inflicted or threatened. There was evidence in this case of statements made by appellant to appellee to the date of final separation from which the court could determine and so find that the appellant acted cruelly and inhumanly toward the appellee. Where upon appeal in a divorce case the losing party contends that the finding of the trial court is not sustained by sufficient evidence and such a finding rests upon conflicting evidence, the judgment will not be disturbed on appeal. *Miller* v. *Miller* (1920), 73 Ind. App. 19, 126 N. E. 435. It has repeatedly been held by this court that we do not weigh evidence or disturb the decision of the trial court when it is supported by some evidence of probative value, notwithstanding the fact that the defendant's testimony shows different circumstances or set of facts. If there is any substantial evidence of probative value in the record to sustain the finding and decision of the trial court, the judgment must be affirmed. In this connection it must be borne in mind that the trial judge as trier of the facts was not bound by the testimony of any single witness or any particular item of evidence. It was his exclusive province to judge and to determine the credibility of of the parties, if either of them, was entitled to a di- the witnesses, weigh the evidence and determine which

vorce. Considering this rule, therefore, upon appeal, this court cannot substitute its judgment as to the weight of the evidence for that of a trial court.

Appellant next contends that any alleged acts of cruel and inhuman treatment were condoned by their having intimate relations two days prior to date of separation. We recognize the rule that condonation is a defense to an action for a divorce on the grounds of cruelties, indignities, or the like, where it has not been avoided or revoked by subsequent misconduct. Condonation of cruel treatment is conditioned that it shall cease, and, upon its repetition, the former wrongs are revived. In other words, condonation ceases to be a defense to a divorce suit where the condoned offense is thereafter repeated.

Our attention is directed to the direct examination of the appellee in specific reference to what occurred, if anything, after the act of intimacy. The following questions were asked:

"Q. Now then what caused your separation on March 24, 1953?
"A. He told me he was dissatisfied and that he hadn't sowed his wild oats."

On cross-examination of the appellee, she was asked:

"Q. Did you have an argument on that date prior to your separation?
"A. Yes.
"Q. On that date?
"A. Yes.
. . .

"Q. And were you home when your husband returned from work that date?
"A. No, sir. I told him that I was going to leave because he said that he wanted to finish sowing his wild oats."

In view of the first question as to what caused the separation on March 24, 1953, we construe the other questions asked of appellee referring to "that date" as referring to the date of March 24, 1953, being the date of separation.

The burden of proof of condonation rested upon the appellant. It is one of fact to be determined by the court, and, in the absence of an express forgiveness, the question whether there has been a condonation must necessarily be determined from all the circumstances and the particular conduct of the injured spouse. In view of the evidence of the treatment of the appellee by the appellant and considered with the statement of appellant on date of separation that he was dissatisfied with appellee and desired to sow his wild oats, the court was warranted in finding that from all the facts that if there had been a condonation on the part of the appellee of appellant's treatment toward her, the effect of the prior mistreatment was revived by appellant's misconduct subsequent to such condonation.

The evidence indicates and the court so found that the appellant had no intention of effecting a permanent reconciliation as demonstrated by the course of conduct from the date of dismissal of the first complaint to date of final separation. There was evidence of probative value from which the court could, and did, find that hardly without hesitation the appellant's manner of treatment and conduct failed to be altered in any particular. We believe there is ample evidence from which the court could find that appellant took an unfair advantage of appellee and under such circumstances the appellant should not be permitted to be benefited by his own wrong. Putting a wrestler's leg hold, striking with a pillow with force

sufficient to cause injury to the neck, failure to pay just obligations, associating with women in taverns, drinking to excess, failure to go to church with appellee as promised, indecent exposure of his person, under the circumstances shown by the evidence, is in direct conflict to the general rule that the offending party will thereafter treat the forgiving party with conjugal kindness. An offense which actually has been condoned may be revived not only by repetition of the same offense but also by subsequent commission of other marital offenses. Where cruelty consists of a series of wrongs, no one of which would in itself be grounds for divorce, co-habitation during the period in which they were committed in the hope of better treatment in the future does not constitute condonation. *Fisher* v. *Fisher* (1928), 227 N. Y. S. 345, 61 A. L. R. 1523. Patience and forbearance of a spouse while entertaining hope of reformation should not be mistaken for condonation but to the contrary they should serve to strengthen the cause of action in behalf of the forgiver.

If the act committed by the parties two days prior to the separation constituted condonation, the law would thereby penalize a manifestation of a proper attitude and reward the harboring of hatred and animosities. It is for that reason that in many jurisdictions it is held that an essential element of condonation is the restoration of all marital rights.

The alleged condoned acts of cruelty, together with the statement of appellant on March 24, 1953, after the act which appellant claims constituted condonation may, when considered as a series of acts, or a course of misconduct, constitute grounds for divorce. The court could have found that on the date of separation his treatment was so unbearable she could no longer stand it. We believe it to be

a general rule that cruel and inhuman treatment may be condoned except that the cruelty is condoned only until the particular act is repeated. We believe the trial court was warranted in concluding that in view of appellant's statement and the other testimony in this case that such statement on date of separation revived the alleged acts of cruel and inhuman treatment. It has been held that if a wife delays in leaving the marital home does not in itself necessarily constitute condonation. *Lipe* v. *Lipe* (1927), 327 Ill. 39, 158 N. E. 411.

We have examined the authorities cited by appellant. They are not applicable to the facts now under consideration. With these basic rules as our guide, we cannot say that the findings of the court were contrary to law or against the weight of the evidence.

Finding no error, judgment affirmed.

Royse, J., concurs in result with opinion.

### CONCURRING OPINION

ROYSE, J.—I agree with the conclusion of the majority in this case. I believe there was sufficient evidence to sustain the charge of cruel and inhuman treatment against appellant, and that such treatment followed the reconciliation of December, 1952. I believe the fact that the parties hereto cohabited together as husband and wife was a condonation of all acts of cruel and inhuman treatment from December 22, 1952 until the date of such cohabitation. The record discloses this last cohabitation was the voluntary act of the parties and not induced by fraud or coercion. However, as shown by the majority opinion, subsequently appellant was again guilty of acts which justified the trial court in granting the divorce. I cannot agree with the general dicta in the majority opinion on the question of condonation.

NOTE.—Reported in 122 N. E. 2d 137.