WINGARD *v.* WINGARD.

[No. 18,877. Filed November 15, 1957.]

*Louis M. Hammerschmidt, Hammerschmidt & Johnson* and *Richard D. Bonewitz,* all of South Bend, for appellant.

*George Sands,* of South Bend, for appellee.

COOPER, P. J.—Action by appellant for separation *a mensa et thoro* from appellee. The latter filed therein cross-complaint for absolute divorce from appellant on

the ground of cruel and inhuman treatment of him by appellant. The issues made by appropriate pleadings were submitted to the court, without jury. The court found against appellant on her complaint and for appellee on his cross-complaint, and entered judgment accordingly. Appellant asserts that the decision of the court is contrary to law, and, in support thereof, specifically urges that there was no evidence of probative value to sustain the allegations of the cross-complaint.

The evidence was conflicting and in a large measure of unsavory character. There is evidence, favorable to appellee, tending to establish that for periods of time appellant refused to talk or speak to appellee; that without just cause, she accused appellee of "going around with another woman" and that appellee's clothing bore "spots" upon them, the inference being that the "spots" were of an incriminatory nature; that she persistently nagged at him and goaded him with false accusations of marks of lipstick on his face and shirt; that there were disagreements and lack of cooperation by appellant in relation to a certain financial obligation due appellee; that appellant took possession of government bonds purchased with appellee's savings prior to their separation and refused to tell him the whereabouts thereof, other than to state that they were safe.

The evidence also reflects that the parties had been quarreling constantly since 1948, and that the appellee herein, by reason thereof, inquired as to whether or not the appellant wanted to continue to live with him; that he was fed up and bothered and couldn't take it any longer and that the appellant's conduct towards him worried him and made him unhappy and that it affected his sleep. There is other evidence, but it is of a character deemed inappropriate for public utterance.

In effect, appellant invites us to weigh the evidence on the ground that the testimony of appellee is such

as not to be believed and that it is without substantial probative value. We know of no set formula or factual definition as constituting cruel and inhuman treatment within the statutory meaning thereof. Each case stands or falls upon its own circumstances as shown by the evidence. Our Supreme Court, in the recent case of *Heckman* v. *Heckman* (1956), 235 Ind. 472, 134 N. E. 2d 695, has aptly said, apropos to the present consideration:

> "Cruel and inhuman treatment is a relative term and depends upon the circumstances of each particular case. . . . It may consist of a series of wrongs, no one of which, in itself, would be grounds for a divorce. . . ."

And the court, in that case, also declared:

> "The trial court has before it, within its sight and hearing, the physical presence of the parties and oftimes their children. It hears their testimony, notes their actions and reactions, observes their sincerity, emotions, inflections and tones of voice, apparent state of health, and experiences the tenseness of the human drama enacted there within the confines of the court room. The appellate tribunal, on the other hand, has before it only the cold, written record. It sees only words, phrases, sentences, questions, answers, and exhibits. It is without the authority to weigh the evidence and determine only that the requisite principles of law have been observed and duly applied, and that justice has been fairly and impartially administered."

The record discloses no physical or personal violence by either party upon the other. But such is not imperative for a finding of cruel and inhuman treatment. In *Van Antwerp* v. *Van Antwerp* (1954), 125 Ind. App. 65, 69, 122 N. E. 2d 137, it is said:

> "Cruel treatment, as contemplated by our divorce laws, is not limited to acts of physical violence, although there was in this case such evidence of

violence. It is generally held that any unjustifiable conduct by one spouse toward the other which ultimately destroys the legitimate ends and objects of matrimony constitutes cruelty though no physical or personal violence may be inflicted or threatened."

On the record before us, we cannot interfere with the judgment of the court below. We believe there was sufficient evidence to sustain the court in its findings and decision. We cannot say, without weighing the evidence and substituting our judgment for that of the trial court, that the issues were decided erroneously.

Judgment affirmed.

Pfaff, J. not participating.

NOTE.—Reported in 145 N. E. 2d 733.