## DAVIS v. DAVIS

[No. 19,151. Filed October 27, 1959. Rehearing denied February 4, 1960. Transfer denied March 30, 1960.]

*Howard R. Hooper,* of Indianapolis, for appellant.

*Clyde Karrer* and *C. Titus Everett,* both of Indianapolis, for appellee.

COOPER, J.—This appeal comes to us from the Superior Court of Marion County, Indiana, Room #1, wherein the trial court granted the appellee, the plaintiff below, an absolute divorce from the appellant herein, defendant below. The trial court in its final decree

made an adjudication as to the property owned by the parties. The issues were formed by the appellee's complaint for divorce and accounting and by an answer and cross complaint of the defendant below, the appellant herein.

The appellant asserts, in substance, that the decision of the trial court is not sustained by sufficient evidence and is contrary to law, and, in support of her argument thereof, specifically urges that there was no evidence of probative value to sustain the allegations of the appellee's complaint below.

A review of the evidence in the record before us reveals that the evidence was conflicting, and, on appeal, we are required to determine whether or not there was any evidence of probative value received by the court to sustain the allegations of the appellee's complaint below, bearing in mind that we are not permitted to weigh such evidence.

There is evidence in the record favorable to the appellee tending to establish that the parties were married in the year of 1927; that the parties were separated in 1933, the appellant herein going to St. Louis, later to Chicago and returning to the appellee's home in Indianapolis in 1941; that at the time of the reconciliation, the appellee was operating a second-hand store and had accumulated some property. After their reconciliation, through their mutual efforts and prior to their last separation, which was June, 1956, they had accumulated a considerable amount of property, both real and personal.

The record reveals that the appellant herein took possession of the cash assets of the parties and refused to tell him the whereabouts thereof, the amounts or anything else relating thereto; that they quarreled and

argued constantly about the money, almost daily, until the time of the final separation; that the appellee informed the appellant that he was tired of the way they were living and that she told him he could get out; that the appellant purchased an expensive automobile for her own use without the knowledge or consent of the appellee; that on June 4, 1956, after the return from a visit, the appellee again insisted on an accounting of the monies and property in the hands of the appellant over which they had been arguing for the last several years, stating he wanted to know about how much money they had and about the management thereof, and the appellant told the appellee she was not interested in giving an accounting of the money and it was none of his business; that thereafter the appellee went to a dresser to get some papers, whereupon the appellant asked the appellee what he was doing in the drawer and when the appellee replied, the appellant struck him and broke his glasses; whereupon the appellee fell across the bed. The appellant then seized the appellee's hand and started biting on his finger; that the appellee rolled on top of the appellant and choked her until she opened her mouth; that during their arguing, their adult son and wife came in and when the appellant began to explain the trouble, there was quite a melee, and thereafter the appellee left. There was also some evidence of an unsavory character relating to venereal disease.

In considering evidence regarding cruel and inhuman treatment, such as before us, Judge Arterburn, in speaking for our Supreme Court, in the case of *Heckman* v. *Heckman* (1956), 235 Ind. 472, 478, 479, 134 N. E. 2d 695, stated:

"In considering the sufficiency of the evidence to sustain the finding of the court, a fragment, part

or portion of the evidence is not plucked from the whole and appraised alone, but all the evidence, together with all the permissible and reasonable inferences deductible therefrom, is surveyed to determine the ultimate facts and circumstances established thereby favorable to the decision of the trial court. *A reversal of a judgment predicated upon a finding results only when there exists no competent evidence to support such finding.*

"The trial court has before it, within its sight and hearing, the physical presence of the parties and oftimes their children. It hears their testimony, notes their actions and reactions, observes their sincerity, emotions, inflections and tones of voice, apparent state of health, and experiences the tenseness of the human drama enacted there within the confines of the court room. The appellate tribunal, on the other hand, has before it only the cold, written record. It sees only words, phrases, sentences, questions, answers, and exhibits. It is without the authority to weigh the evidence and determine only that the requisite principles of law have been observed and duly applied, and that justice has been fairly and impartially administered.

"Cruel and inhuman treatment is a relative term, and depends upon the circumstances of each particular case. *Stewart* v. *Stewart* (1911), 175 Ind. 412, 94 N. E. 564. It may consist of a series of wrongs, no one of which, in itself, would be grounds for a divorce." (Our emphasis.)

This court has stated, in the case of *Wingard* v. *Wingard* (1957), 128 Ind. App. 44, 145 N. E. 2d 733, 734, 735, that:

"In effect, appellant invites us to weigh the evidence on the ground that the testimony of appellee is such as not to be believed and that it is without substantial probative value. We know of no set formula or factual definition as constituting cruel and inhuman treatment within the statutory meaning thereof. Each case stands

or falls upon its own circumstances as shown by the evidence."

This court has also stated in the case of *Van Antwerp* v. *Van Antwerp* (1954), 125 Ind. App. 65, 69, 122 N. E. 2d 137, that:

"Cruel treatment, as contemplated by our divorce laws, is not limited to acts of physical violence, although there was in this case such evidence of violence. *It is generally held that any unjustifiable conduct by one spouse toward the other which ultimately destroys the legitimate ends and objects of matrimony constitutes cruelty though no physical or personal violence may be inflicted or threatened."* (Our emphasis.)

In the record before us, we believe there was sufficient evidence to sustain the trial court in its finding and decision and that justice has been fairly and impartially administered. We cannot say, without weighing the evidence and substituting our judgment for that of the trial court, that the judgment is not sustained by sufficient evidence and is contrary to law.

Judgment affirmed.

NOTE.—Reported in 161 N. E. 2d 619.