HULL *v.* HULL

[No. 19,117.   Filed March 4, 1960.]

*Johnson & Austin*, of Anderson, for appellant.

*Ralph F. Mattingly, Charles B. Salyer* and *Salyer & Woolbert,* all of Anderson, for appellee.

SMITH, J.—This is an appeal from a judgment granting appellee a divorce, custody of five minor children with an order for their support, the furnishings and effects in their home, attorney's fees in the sum of $450.00, physician's fee for his services in the sum of $35.00 and a money judgment of $1,000.00.

The issues were formed by appellee's complaint for divorce, support money, custody of minor children, a

restraining order and attorney's fees. Appellant filed an answer to the complaint in two paragraphs, the first being in denial and the second being a cross-complaint praying for a divorce and custody of minor children. Appellee filed an answer in two paragraphs to said cross-complaint. Upon the issues thus joined, the cause was submitted to the court for trial and the court entered the following judgment:

"IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED BY THE COURT, that the bonds of matrimony heretofore existing between the parties be dissolved and held for naught, and the plaintiff ELIZABETH K. HULL is granted an absolute divorce from the defendant PAUL I. HULL.

"IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED BY THE COURT, that the plaintiff is granted the care, custody and control of the minor children of the parties: . . . , and defendant is ordered to pay the sum of Thirty-Five Dollars ($35.00) per week, first payment due June 29, 1957 for the support of said minor children, which payments are to be made through the Clerk's office.

"IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED BY THE COURT, that the defendant pay to Dr. Everett W. Gaunt the sum of Thirty-Five Dollars ($35.00) for his services, the same to be paid forthwith.

"IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED BY THE COURT, that the defendant is to pay plaintiff's attorneys, Salyer & Woolbert, an additional sum of Four Hundred Fifty Dollars ($450.00) for his services to plaintiff as her attorneys herein, the same to be paid forthwith.

"IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED BY THE COURT, that the plaintiff is awarded all household furnishings and effects in the home of the parties and the defendant has no interest therein. De-

fendant is awarded all personal property now in his possession, including tools and the automobile.

"IT IS THEREFORE FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED BY THE COURT, that the plaintiff recover of and from the defendant, PAUL I. HULL, the sum of One Thousand Dollars ($1,000.00) as alimony. That the costs of this action are assessed against and ordered paid by the defendant in the sum of $_____."

The error assigned is the overruling by the court of appellant's motion for a new trial, which motion, in part, specified that the decision of the trial court is not sustained by sufficient evidence and is contrary to law.

The appellee, in her complaint, charged the appellant with certain acts of cruel and inhuman treatment. On appeal, we are required to determine whether or not there is any evidence of probative value produced by the appellee to sustain the allegations of her complaint, bearing in mind that we are not permitted to weigh such evidence; and the rule is well established that this Court is permitted to consider only the evidence most favorable to the appellee.

The evidence most favorable to the appellee tends to establish the following facts: that the appellant nagged, quarrelled with and called the appellee vile, profane and vulgar names; that the appellant struck, beat and assaulted the appellee; that the appellant accused the appellee of associating with other men even to the extent of committing adultery with them; that the appellant constantly found fault with the appellee and everything that she did; that the appellant drank intoxicating liquor and stayed out late at night; that the appellant objected to the appellee taking their children to Sunday school because the appellee was not able to get all of her housework done before leaving

for Sunday school; that the appellant struck the appellee in the ribs which caused the appellee a great deal of physical suffering; and on one occasion, that the appellant upset the bed in which the appellee was lying and injured her neck and muscles thereof. There was evidence tending to show that all of these acts of cruel and inhuman treatment caused the appellee to become ill and nervously disturbed to the extent that she was under the care of a physician. There was also evidence produced by the appellee as to the nature and extent of the property owned by the appellant and appellee; the financial condition of the parties and the approximate income of the appellant.

In considering evidence relative to the charge of cruel and inhuman treatment, such as we have before us in this case, the Supreme Court of Indiana, in the case of *Heckman* v. *Heckman* (1956), 235 Ind. 472, 478, 479, 134 N. E. 2d 695, spoke as follows:

"In considering the sufficiency of the evidence to sustain the finding of the court, a fragment, part or portion of the evidence is not plucked from the whole and appraised alone, but all the evidence, together with all the permissible and reasonable inferences deductible therefrom, is surveyed to determine the ultimate facts and circumstances established thereby favorable to the decision of the trial court. *A reversal of a judgment predicated upon a finding results only when there exists no competent evidence to support such finding.*

"The trial court has before it, within its sight and hearing, the physical presence of the parties and oftimes their children. It hears their testimony, notes their actions and reactions, observes their sincerity, emotions, inflections and tones of voice, apparent state of health, and experiences the tenseness of the human drama enacted there within the confines of the court room. The appellate tribunal, on the other hand, has before

it only the cold, written record. It sees only words, phrases, sentences, questions and exhibits. It is without authority to weigh the evidence and determine only that the requisite rules of law have been observed and duly applied, and that justice has been fairly and impartially administered.

"Cruel and inhuman treatment is a relative term, and depends upon the circumstances of each particular case. *Stewart v. Stewart* (1911), 175 Ind. 412, 94 N. E. 564. It may consist of a series of wrongs, no one of which, in itself, would be grounds for a divorce." (Our emphasis.)

In the case of *Wingard* v. *Wingard* (1957), 128 Ind. App. 44, 145 N. E. 2d 733, the appellee filed a cross-complaint alleging certain acts of cruel and inhuman treatment. The trial court found for the appellee on his cross-complaint and entered a judgment accordingly. The appellant asserted that the decision of the court is contrary to law, and, in support thereof specifically urged that there was no evidence of probative value to sustain the allegations of the cross-complaint. In deciding this question our Court said:

"In effect, appellant invites us to weigh the evidence on the ground that the testimony of appellee is such as not to be believed and that it is without substantial probative value. We know of no set formula or physical definition as constituting cruel and inhuman treatment within the statutory meaning thereof. Each case stands or falls upon its own circumstances as shown by the evidence."

From an examination of the record evidence it is our opinion that we cannot disturb the judgment for divorce. Although the evidence is conflicting in many respects, we must conclude that the trial court had before it sufficient evidence to warrant the granting of an absolute divorce to the appellee, the

custody of the minor children and the money judgment award. We cannot say, without weighing the evidence and substituting our judgment for that of the trial court, that the judgment is not sustained by sufficient evidence and is contrary to law.

The appellant in his motion for a new trial also urges "that the court erred in ordering the defendant to pay Dr. Gaunt of Alexandria, Indiana, the sum of Thirty-Five Dollars ($35.00) . . . , that said fee was allowed by said court by reason of said doctor coming to court to testify in said cause for and on behalf of the plaintiff. . . ." The appellant in substance claims that Dr. Gaunt would be entitled to no other fee than a fee for mileage and a fee granted to any other witness. In raising this objection the appellant has failed to take into consideration the provisions of §3-1216 of Burns' Indiana Statutes, 1946 Repl., which reads in part as follows:

"And, on decreeing a divorce in favor of the wife or refusing one on the application of the husband, the court shall, by order to be enforced by attachment, require the husband to *pay all reasonable expenses of the wife in the prosecution or defense of the petition.* . . ." (Our emphasis.)

The judgment in favor of Dr. Gaunt is in the following language:

"IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED BY THE COURT, that the defendant pay to Dr. Everett W. Gaunt the sum of Thirty-Five Dollars ($35.00) *for his services*, the same to be paid forthwith." (Our emphasis.)

As can be readily seen there is nothing to indicate that the award made to Dr. Gaunt was an award of a

witness fee. The words "for his services" could mean any service the doctor performed in assisting the appellee in the preparation and prosecution of her case. In the light of the above quoted statute, it is our opinion that the trial court did not err in making the award to Dr. Gaunt for his services.

The appellee filed a petition to dismiss or affirm this appeal on the ground that the appellant failed to comply with Rule 2-17 (d) of the Supreme Court of Indiana. The appellee contended in her motion that the brief of the appellant did not contain a complete condensed recital of the evidence presented in this case. However, the evidence set out by the appellant in his condensed recital of the evidence supplied by the appellee in her brief, is sufficient for a consideration of the questions involved.

Judgment affirmed.

Bierly, P. J., Kelley and Gonas, JJ., concurring.

NOTE.—Reported in 165 N. E. 2d 151.