CARLIN *v.* CARLIN.

[No. 19,743. Filed June 27, 1963.]

*Mario B. Tomsich* and *Tomsich & Tetek,* of Gary, for appellant.

*Charles E. Daugherty, William J. Regan,* both of Gary, and *Sammons & Sammons,* of Kentland, for appellee.

MOTE, C. J.—This is an appeal from a judgment of the trial court awarding a divorce to appellee and decreeing a property settlement between the parties.

Appellee started the action by filing a complaint for separation or a limited divorce. Appellant filed an answer thereto and a cross complaint seeking an absolute divorce, whereupon, appellee filed an amended complaint by which she, too, sought an absolute divorce, title to the property which the parties owned as tenants by the entireties and in which they lived, household goods, appliances, linens and dishes and a complete adjudication of property rights. We have not found that an answer was filed thereto, or to appellant's cross complaint. In any event the cause was

venued to Newton County where the matter was tried and from which this appeal is brought.

Only appellee proffered evidence at the trial. At the conclusion of said trial, there were oral and written arguments of counsel and the trial court took the matter under advisement.

On September 27, 1960, the court entered a finding and judgment granting appellee an absolute divorce and denying appellant a divorce on his cross complaint, and decreed that the title to the real estate owned by the parties as tenants by the entireties, and occupied by them as their home, should vest in appellee, and awarded the household furniture, fixtures, home appliances and accessories pertaining to the home, garage and lawn care, all located on said real estate, should be the sole property of the said appellee. Other provisions of the judgment are not considered relevant to this appeal and not set forth herein.

Appellant filed a motion for new trial specifying (1) that the decision is not sustained by sufficient evidence and (2) that the decision of the court is contrary to law.

A condensed recital of the evidence is set forth in appellant's brief and it is of such character that the trial court, in weighing appellee's evidence as the only evidence submitted, properly could have found the facts as above set forth, which are sufficient to support the judgment.

Little will be accomplished by setting forth the testimony; however, to show that the judgment is sustained by sufficient evidence and is not contrary to law, as appellant asserts, we point out the following:

Appellant refused to go out socially with appellee; he refused to take vacations with her; he would not share responsibility for support of the family; he re-

fused to share the bedroom with appellee and expressed his lack of love for her under circumstances which brought her humiliation. The parties owned, as tenants by the entireties, a home purchased in 1954 at a cost of twenty-five thousand, five hundred ($25,500.00) dollars, with mortgage balance at the time of trial in the sum of thirteen thousand, six hundred and fifty ($13,650.00) dollars. A wedding gift of five thousand ($5,000.00) dollars to appellant from his father was invested in this home, and appellant sought a lien on the property for said sum, plus interest from 1954, during which time the said father had lived with the said parties. Aside from this sum, appellant had invested in the property only one thousand, six hundred and fifty ($1,650.00) dollars. Appellee had contributed approximately seven thousand ($7,000.00) dollars of her own money in the home and had expended about eight thousand ($8,000.00) dollars for furniture. She had paid for all clothing and medical care; schooling expense for their two children of approximately ten thousand ($10,000.00) dollars had been defrayed by her. As production manager for a sportswear manufacturing company, appellee had received since 1952, seventy-eight thousand, seven hundred and twenty ($78,720.00) dollars in wages and her employer had withheld wages of two thousand, three hundred and eighty ($2,380.00) dollars used to purchase bonds in the names of the parties jointly, which were given to appellant. Said bonds were to be placed in a joint safety box but are now missing without explanation.

With such uncontradicted and undisputed testimony before him, and with no testimony proffered by appellant, the trial court could, and apparently did find that the evidence was sufficient to warrant the finding and judgment. If there is any

evidence to support the decree, this court cannot say that the trial court erred. *Van Antwerp* v. *Van Antwerp* (1954), 125 Ind. App. 65, 122 N. E. 2d 137.

As stated in *Sostheim* v. *Sostheim* (1940), 218 Ind. 352, 32 N. E. 2d 699:

" . . . The gravamen of the action was cruel and inhuman treatment and the testimony of appellee alone is amply sufficient, for the court will not weigh the evidence but will affirm the judgment if there was any evidence from which the trial court could reasonably have inferred the ultimate facts necessary to his decision."

The record reveals that appellant had a potential to earn big wages and the trial court could have inferred that he contributed but little to the family budget and accummulation of assets as compared with appellee's contribution thereto.

Furthermore, the disappearance of the bonds for which appellee had paid, as shown by the evidence, may have led the trial court to infer that appellant had secreted or cashed the same. In any event, appellant has not demonstrated or applied any asserted error on the part of the trial court which would require reversal.

Judgment affirmed.

Hunter, Kelley, Pfaff, JJ., concur.

NOTE.—Reported in 191 N. E. 2d 517.