KESSLER   *v.*   KESSLER.

[No. 19,827. Filed August 15, 1963.]

*Grimm & Grimm,* of Auburn, for appellant.

*Phyllis R. Gratz,* of Auburn, for appellee.

COOPER, J.—This matter comes to us from the Steuben Circuit Court wherein the appellant herein, Carlene M. Kessler, brought an action for an absolute divorce against the appellee herein, Frank H. Kessler, alleging cruel and inhuman treatment. The complaint also prayed for the custody of three minor children of the parties.

The record now before us also reveals that the appellee herein filed an answer in two paragraphs—one in denial, and the other by way of cross complaint in which the appellant sought a divorce and also the custody of three minor children of the parties.

Upon the issues thus joined, the cause was submitted to the court for trial on the eleventh day of December, 1961, and, at the conclusion of all the evidence, the trial court entered his finding and judgment, the pertinent parts reading as follows:

" . . . The evidence having been concluded, the court now finds against the plaintiff and that she take nothing by her complaint for absolute divorce herein.

"The court finds for the defendant upon his cross-complaint that the allegations are true and proven and that the defendant and cross-complainant is entitled to an absolute divorce of and from the plaintiff herein.

"The Court further finds that the cross-complainant is a fit and proper person for the care, custody and control of the minor children of said parties, namely, Frank H. Kessler born September 16, 1957, Katrina Jo Kessler born February 14, 1958, and Archie James Kessler, born April 18, 1961, and that the plaintiff shall be entitled to visit said children at all reasonable times and places and the custody and right of visitation subject to the further order of the court.

" . . .

"It is therefore ordered, adjudged and decreed by the court that the plaintiff herein shall take nothing by her complaint for divorce herein.

"It is further ordered by the court that the defendant and cross-complainant herein is entitled to an absolute divorce of and from the plaintiff herein.

"It is further ordered that the defendant and cross-complainant is granted the care, custody and control of the minor children of said parties, name-

ly, Frank H. Kessler, born September 16, 1957, Katrina Jo Kessler, born February 14, 1958, and Archie James Kessler, born April 18, 1961, and that the plaintiff shall be entitled to visit said children at all reasonable times and places and the custody and right of visitation is subject to the further order of the court. . . . ”

Thereafter, on the 27th day of December, 1961, it appears from the record that the appellant filed her verified motion to modify the decree and judgment as to the custody of the minor children of said parties. Said motion was overruled by the trial court and thereafter the appellant filed a motion to retain custody of the infant children pending appeal, which was denied, and thereafter, within the proper time, the appellant filed her motion for a new trial, the same being overruled, and this appeal followed.

The appellant assigns the following errors:

“1. The court erred in overruling appellant's motion for new trial.

“2. The court erred in overruling plaintiff-appellant's motion to modify the judgment entered in said cause.

“3. The court erred in overruling plaintiff's petition to retain custody of infant children pending appeal.

“4. The court erred in overruling plaintiff's request for permission to introduce evidence in support of motion to modify judgment as relates to custody of minor children and court costs.

“5. The court erred in overruling plaintiff's motion to introduce evidence in support of plaintiff's petition to retain custody of infant children pending appeal.”

The appellant in the argument portion of her brief urges only the following two causes of the foregoing motion:

"1. The decision of the court is not sustained by sufficient evidence.

"2. The decision of the court is contrary to law."

thereby waiving the other three assigned errors.

The appellee in his cross complaint charged the appellant with certain acts of cruel and inhuman treatment. On appeal, where the sufficiency of the evidence is questioned, we are required to determine whether or not there is any evidence of probative value produced by the appellee to sustain the allegations of his cross complaint, bearing in mind that we are not permitted to weigh such evidence, and the general rule is well established that this court is permitted to consider only the evidence most favorable to the appellee.

We do not deem it necessary to set forth all of the conflicting evidence which appears in the record of this cause, but believe it sufficient to state that there is evidence favorable to the appellee which shows that the appellant maintained an attitude of neglect and indifference towards the appellee in her marital duties and responsibilities; that she neglected the home of the parties and failed to give their minor children proper care and attention in many respects too numerous to set forth in this opinion; that she worked in a factory against the wishes of her husband and remained out until the late hours of the night-time; that, although she left her place of employment at 12:30 a.m., she would not return home until about 8:00 in the morning; that the appellant has told the appellee that she no longer cared for him.

In considering the evidence most favorable to the appellee relative to a charge of cruel and inhuman treat-

ment, we find the general rule is well stated by our Supreme Court in the case of *Heckman* v. *Heckman* (1956), 235 Ind. 472, pp. 478, 479, 134 N. E. 2d 695, wherein the court stated:

"In considering the sufficiency of the evidence to sustain the finding of the court, a fragment, part or portion of the evidence is not plucked from the whole and appraised alone, but all the evidence, together with all the permissible and reasonable inferences deductible therefrom, is surveyed to determine the ultimate facts and circumstances established thereby favorable to the decision of the trial court. A reversal of a judgment predicated upon a finding results only when there exists no competent evidence to support such finding.

"The trial court has before it, within its sight and hearing, the physical presence of the parties and oftimes their children. It hears their testimony, notes their actions and reactions, observes their sincerity, emotions, inflections and tones of voice, apparent state of health, and experiences the tenseness of the human drama enacted there within the confines of the court room. The appellate tribunal, on the other hand, has before it only the cold, written record. It sees only words, phrases, sentences, questions, answers, and exhibits. It is without the authority to weigh the evidence and determine only that the requisite principles of law have been observed and duly applied, and that justice has been fairly and impartially administered.

"Cruel and inhuman treatment is a relative term, and depends upon the circumstances of each particular case. *Stewart* v. *Stewart* (1911), 175 Ind. 412, 94 N. E. 564. It may consist of a series of wrongs, no one of which, in itself, would be grounds for a divorce." See also, *Wingard* v. *Wingard* (1957), 128 Ind. App. 44, 145 N. E. 2d 733; *Hull* v. *Hull* (1960), 130 Ind. App. 409, 165 N. E. 2d 151.

After carefully reviewing all of the evidence in the record, we are of the opinion that we cannot disturb

the court's finding and judgment that the appellee was entitled to a divorce upon his cross complaint. As we have heretofore stated, the evidence in the record is conflicting in many respects. We, therefore, must conclude that the trial court had before it sufficient evidence to warrant the finding and judgment of an absolute divorce to the appellee herein and in awarding the custody of the three minor children of the parties to the appellee. It is always the duty of the trial court, by proper judgment, to fix the status of the children of the parties, prescribing the details of their custody in such cases. This part of the trial court's judgment is always made for the benefit and welfare of such children. See *Adams* v. *Purtlebaugh* (1951), 230 Ind. 269, 274, 102 N. E. 2d 499.

The general rule of law is the children's welfare and best interests are the paramount and controlling considerations in all disputes over the custody of a child or children. The rights of parents to such custody are not absolute and the disposition of such children is not controlled by hard and fast rules of law but by the exercise of sound judicial discretion of the court confronted with the problem. A review by an appellate tribunal of such disposition is limited solely to the question of the abuse of judicial discretion. See *Gilchrist* v. *Gilchrist* (1947), 225 Ind. 367, 75 N. E. 2d 417; *Brown* v. *Beachler* (1946), 224 Ind. 477, 68 N. E. 2d 915, 916 and cases cited; *Duckworth* v. *Duckworth* (1932), 203 Ind. 276, 282, 179 N. E. 773; *Weber* v. *Redding* (1928), 200 Ind. 448, 455, 163 N. E. 269.

In reviewing the many cases relating to the care, custody and support of minor children, we find the most enlightening statement in the case of *Gilchrist* v. *Gilchrist, supra,* at 372, wherein the Supreme Court stated:

"The disposition of children presents a delicate and perplexing task which has taxed the wisdom of judges since the day of Solomon. The trial court is better able to arrive at a sound and safe conclusion than can a court of review which has only the cold printed or typed record before it. It is true that the facts in this case are not in great dispute but even where evidentiary facts are admitted different inferences and conclusions may be drawn therefrom, and conclusions and judgments may hang upon intangibles and impressions not cognizable to a court of review. The trial court in this case saw the mother and the stepmother and was in better position to weigh the evidence and the inferences therefrom and determine the best interest of the child, and having done so, it is not for us to substitute our judgment for the judgment of the trial court's unless it appear from uncontradicted and undisputed evidence and the only inferences therefrom that the trial court violated its discretion and reached an untenable position. To reverse this case would require us to hold that the trial judge violated sound judicial discretion in reaching his conclusion. This we are unwilling to do."

By reason of what we have heretofore stated, we are of the opinion that we are compelled to sustain the judgment of the trial court.

Carson, P. J., Clements and Ryan, JJ., concur.

NOTE.—Reported in 192 N. E. 2d 4.