WOODCOX *v.* WOODCOX.

[No. 20,055. Filed July 21, 1964.]

*James A. Simpson,* of Goshen and *Wilmer L. Mc-Laughlin,* of Middlebury, for appellant.

*Allen & Allen, J. Chester Allen,* of South Bend, *Mehl, Mehl & Beeson* and *R. W. Mehl,* of Goshen, for appellee.

COOPER, J.—It appears from the pertinent part of the record now before us in this appeal that the appellant herein, Emogene Woodcox, brought an action for separation *a mensa et thoro* from the appellee herein, Hubert Woodcox. Thereafter, the appellee filed a cross complaint praying for an absolute divorce from the appellant on the statutory grounds of cruel and inhuman treatment.

After the issues were made by appropriate pleadings, the cause was submitted to the court. The court found against the appellant on her complaint and for the appellee on his cross complaint, and thereafter, entered judgment accordingly.

Appellant asserts that the decision of the court is contrary to law and not sustained by sufficient evidence.

The appellant invites us to weigh the evidence on the grounds that the testimony most favorable to the appellee is such as not to be believed and that it is without substantial probative value. This we will not do as it is the general rule that the weight of the evidence and the credibility of the witnesses are for the trial court and not for the appellate tribunal to determine. See §2786, Flanagan, Wiltrout & Hamilton's, Indiana Trial and Appellate Practice.

Both the Supreme Court and our court have, in many cases, stated, in substance, that the appellate tribunal only has the cold record before it and that the opportunities of the trial court are so vastly superior to those of the reviewing court in that they are able to see the witnesses face to face, to observe their conduct, appearance and demeanor on the witness stand and thus judging all their intelligence, fairness and candor and many other means of weighing evidence that the reviewing court cannot have. See *Heckman* v. *Heckman* (1956), 235 Ind. 472, 134 N. E. 2d 695.

In reviewing the evidence in the record now before us, we find the evidence is conflicting but does reflect that the parties had been quarreling constantly for some period of time; that there had been previous domestic litigation between the parties; that they had quarreled and bickered over financial problems; that the appellant had nagged, quarreled and found fault with the defendant's conduct of his business, and, on one occasion, had struck the appellee across the head with the fireplace poker and that the appellant had accused the appellee of killing his first wife and other numerous acts upon which we believe the trial court could reasonably draw the inference that the appellant was guilty of cruel and inhuman treatment toward the appellee, and that such unjustifiable conduct on the part of the appellant destroyed the legitimate ends and objects of the marriage. Under our law, this could be cruel and inhuman treatment.

In the case of *VanAntwerp* v. *VanAntwerp* (1954), 125 Ind. App. 65, 69, 122 N. E. 2d 137, it was said:

"Cruel treatment, as contemplated by our divorce laws, is not limited to acts of physical vio-

lence, although there was in this case such evidence of violence. It is generally held that any unjustifiable conduct by one spouse toward the other which ultimately destroys the legitimate ends and objects of matrimony constitutes cruelty. . . . "

Also, in the case of *Wingard* v. *Wingard* (1957), 128 Ind. App. 44, at 46, 145 N. E. 2d 733, this court stated:

"We know of no set formula or factual definition as constituting cruel and inhuman treatment within the statutory meaning thereof. Each case stands or falls upon its own circumstances as shown by the evidence. Our Supreme Court, in the recent case of *Heckman* v. *Heckman* (1956), 235 Ind. 472, 134 N. E. 2d 695, has aptly said, apropos to the present consideration:

" 'Cruel and inhuman treatment is a relative term and depends upon the circumstances of each particular case. . . . It may consist of a series of wrongs, no one of which, in itself, would be grounds for a divorce. . . . ' "

The appellant also contends under the doctrine of recrimination that the decision of the trial court is contrary to law for the reason it is obvious both parties were guilty of striking each other and that neither was innocent, and that where both husband and wife have committed a matrimonial offense which would be cause for a divorce, neither party is entitled to or would be granted a divorce.

As to this contention of the appellant, we call attention to and quote from the case of *Stinson* v. *Stinson* (1947), 117 Ind. App. 661, 662, 74 N. E. 2d 745, 746, as follows:

"It is true, as contended by appellant, that where each of the married parties have committed a matrimonial offense which is a cause for divorce, when one seeks this remedy the trial court will

not grant either party a divorce. In this case the trial court, by its judgment, presumably determined this condition did not exist. We cannot overrule its finding without weighing the evidence. This we are not permitted to do. *Sostheim* v. *Sostheim* (1941), 218 Ind. 352, 32 N. E. 2d 699." See, also, *Bone* v. *Bone* (1962), 132 Ind. App. 630, 632, 179 N. E. 2d 584.

On the record now before us, we cannot interfere with the judgment of the court below. We believe there is sufficient evidence to sustain the court in its findings and decision. We cannot say, without weighing the evidence and substituting our judgment for that of the trial court, that the issues were decided erroneously.

Judgment affirmed.

Faulconer, P. J., and Carson, and Ryan, JJ., concur.

NOTE.—Reported in 200 N. E. 2d 231.