## HILL *v.* HILL.

[No. 20,269.   Filed February 10, 1965.]

*James D. Lopp,* of Evansville, for appellant.

PRIME, J.—This appeal involves an action brought by the appellee against appellant praying for an absolute divorce and asking for custody of their two minor

children, based upon grounds of cruel and inhuman treatment. Appellant filed a cross-complaint in which she prayed for separation from bed and board and custody of the children. The issues were closed and the action was submitted to the trial court. At the conclusion of all the evidence, the court made a finding in favor of the appellee on his complaint and against the appellant on her cross-complaint. The court then entered a decree awarding the appellee an absolute divorce; and awarded the appellant custody of the children and a support order for them, alimony and a determination of her property rights.

The appellant filed a motion for a new trial, asserting that the decision of the court was not sustained by sufficient evidence and was contrary to law. The court overruled the motion and appellant brought this appeal.

The only error assigned for reversal is that the trial court erred in overruling appellant's motion for a new trial. Appellant urges in support thereof, that the finding of the court is not sustained by sufficient evidence and is contrary to law. Appellant chooses in the argument portion of her brief to group both specifications together and support them by one argument.

The appellant argues first that there was not sufficient evidence of alleged acts of cruel and inhuman treatment; and, second, that the appellee was not without fault and, therefore, should have been denied relief on his complaint.

As to appellant's second contention, we refer to the case of *Stinson* v. *Stinson* (1947), 117 Ind. App. 661, 74 N. E. 2d 745, which states:

"It is true, as contended by appellant, that where each of the married parties have committed a

matrimonial offense which is a cause for divorce, when one seeks this remedy the trial court will not grant either party a divorce. In this case the trial court, by its judgment, presumably determined this condition did not exist. We cannot overrule its finding without weighing the evidence. This we are not permitted to do. *Sostheim* v. *Sostheim* (1941), 218 Ind. 352, 32 N. E. 2d 699." See also, *Bone* v. *Bone* (1962), 132 Ind. App. 630, 179 N. E. 2d 584.

Much of the evidence adduced at the trial was conflicting, which is not unusual in cases of this nature. The evidence most favorable to the appellee tends to establish the following facts. The parties were married on February 21, 1959, and two children were born as the fruits of this marriage. Appellee testified that the parties often found it difficult to get along together and that they had separated about fifteen (15) times as a result of arguments and quarreling. He further testified that the appellant treated the children rough, and that on one occasion before the oldest child was born and the appellant was about six (6) months pregnant, she become angry and began to beat on her abdomen, screaming and yelling that she wished the child was dead. He also testified that the appellant told him about two or three weeks prior to the date of trial that, "I could have the kids if it wouldn't look so bad on her."

Finally, appellee testified that immediately prior to the time that the parties last separated they were engaged in an argument, and during the course of this argument the appellant threatened him with a 22 automatic pistol, which was loaded at the time.

Appellant in support of her specification of insufficiency of the evidence to sustain the finding, confines

herself to the argument that the single incident of the threat with the loaded pistol, *absent evidence of the surrounding circumstances,* is not cruel and inhuman treatment. While it is true that the record lacks any evidence of the circumstances surrounding this incident, we are of the opinion that the appellant has waived her right to voice any objection at this time, inasmuch as she had an opportunity to pursue this matter on cross-examination and again during the presentation of her case in chief. On appeal, this court will only look to the evidence most favorable to the appellee.

In considering the question of the sufficiency of the evidence on the allegation of cruel and inhuman treatment, it was stated by the Supreme Court of Indiana in the case of *Heckman* v. *Heckman* (1956), 235 Ind. 472, 478, 134 N. E. 2d 695, 698 that:

"In considering the sufficiency of the evidence to sustain the finding of the court, a fragment, part or portion of the evidence is not plucked from the whole and appraised alone, but all the evidence, together with all the permissible and reasonable inferences deductible therefrom, is surveyed to determine the ultimate facts and circumstances established thereby favorable to the decision of the trial court. A reversal of a judgment predicated upon a finding results only when there exists no competent evidence to support such finding.

"The trial court has before it, within its sight and hearing, the physical presence of the parties and oftimes their children. It hears their testimony, notes their actions and reactions, observes their sincerity, emotions, inflections and tones of voice, apparent state of health, and experiences the tenseness of the human drama enacted there within the confines of the court room. The appellate tribunal, on the other hand, has before it only the cold, written record. It sees only words, phrases, sentences, questions, answers, and exhibits. It is without the authority to weigh the evidence and deter-

mine only that the requisite principles of law have been observed and duly applied, and that justice has been fairly and impartially administered.

"Cruel and inhuman treatment is a relative term and depends upon the circumstances of each particular case. *Stewart* v. *Stewart* (1911), 175 Ind. 412, 94 N. E. 564. *It may consist of a series of wrongs, no one of which, in itself, would be grounds for a divorce.*" (Our emphasis) *Wingard* v. *Wingard* (1957), 128 Ind. App. 44, 145 N. E. 2d 733; *Hull* v. *Hull* (1960), 130 Ind. App. 409, 165 N. E. 2d 151; *Davis* v. *Davis* (1960), 130 Ind. App. 476, 161 N. E. 2d 619, (transfer denied).

This court stated in the case of *Van Antwerp* v. *Van Antwerp* (1954), 125 Ind. App. 65, 122 N. E. 2d 137, that:

"Cruel treatment, as contemplated by our divorce laws, is not limited to acts of physical violence, . . . . It is generally held that any unjustifiable conduct by one spouse toward the other which ultimately destroys the legitimate ends and objects of matrimony constitutes cruelty though no physical or personal violence may be inflicted or threatened."

In the case of *Wingard* v. *Wingard, supra,* this court stated that:

"In effect, appellant invites us to weigh the evidence on the ground that the testimony of appellee is such as not to be believed and that it is without substantial probative value. We know of no set formula or factual definition as constituting cruel and inhuman treatment within the statutory meaning thereof. Each case stands or falls upon its own circumstances as shown by the evidence."

After a careful examination of the record, we are of the opinion that the decision rendered by the trial court cannot be disturbed. Although the evidence is conflicting in several respects, we feel that the trial court had before it sufficient evidence upon

which it could grant a divorce for the appellee. We cannot say, without weighing the evidence and substituting our judgment for that of the trial court, that the judgment is not sustained by sufficient evidence and is contrary to law.

The appellant's motion for reversal has been considered. The failure of the appellee to file a brief is assigned as reversible error. We find that such a ■ failure is not fatal to an appellee since the court has discretion in such matters. Unless the appellant has established a prima facie case for reversal it is discretionary with the court whether or not a brief from the appellee is necessary or needs to be considered. We hold here that a prima facie case for reversal is not established and the motion to reverse is denied. *State of Indiana* v. *Howe* (1953), 231 Ind. 645, 110 N. E. 2d 633; *Finney* v. *Estate of Carter, etc.* (1960), 130 Ind. App. 381, 164 N. E. 2d 656; Flanagan, Wiltrout and Hamilton, *Indiana Trial and Appellate Practice,* §2681 (including 1963 Pocket Part), and authorities cited therein.

Judgment affirmed.

Faulconer, C. J., Carson and Martin, JJ., concur.

NOTE.—Reported in 204 N. E. 2d 222.