## STUTSMAN v. STUTSMAN.
[No. 4,374. Filed March 20, 1903.]

DIVORCE.—*Alimony.*—*Court's Discretion.*—The amount of alimony is largely within the discretion of the trial court; yet, abuse of discretion in this regard will be corrected on appeal. *p. 646.*

SAME.—*Amount of Alimony.*—In awarding alimony the court may take into consideration the value of the husband's estate, his income, his ability to earn money, the value of the wife's separate estate, and the husband's conduct toward his wife. *p. 646.*

SAME.—*Excessive Alimony.*—In a suit for divorce and alimony, the evidence showed that the value of the husband's real estate was $50, and that his earning capacity was $50 per month. Defendant had abandoned his wife because of suspected unchastity, on which ground he defended the suit, but the evidence in reference thereto was conflicting. *Held,* that a judgment for $1,000 alimony and that defendant pay to plaintiff $1 per week for a period of three years for the support of a child was excessive. *pp. 646–648.*

From Elkhart Circuit Court; *J. D. Ferrall,* Judge.

Suit for divorce by Freida Stutsman against Floran R. Stutsman. From a judgment for plaintiff, defendant appeals. *Affirmed conditionally.*

*J. M. Vanfleet* and *V. W. Vanfleet,* for appellant.
*P. L. Turner,* for appellee.

BLACK, P. J.—The appellee recovered judgment divorcing her from the appellant on the ground of abandonment for two years. The court also, in accordance with its finding, awarded the appellee $1,000 as alimony, and ordered

the appellant to pay the appellee $1 per week for a period of three years, for the support of a child of tender age, the issue of the marriage, and that the appellant pay the appellee's attorney $200 within sixty days.

The contention here relates to the amount of the decree for alimony. No objection is made to the amount of the allowance for the support of the child; nor is the allowance for the attorney's fee questioned, except that because of its amount it is suggested that the allowance for alimony should have been somewhat smaller. It is contended also that the amount of the alimony was not reasonable in view of the small estate of the husband and his limited ability to earn money. The statute requires the court in awarding alimony to make such decree therefor "as the circumstances of the case shall render just and proper." §1057 Burns 1901. The amount of the alimony must be largely within the sound discretion of the trial court; yet, abuse of discretion in this regard will be corrected on appeal. Manifestly, under such a statute, the determination in a particular case must depend upon its own circumstances, viewed in the light of justice; and having reference to sound public policy. In awarding alimony the court may properly consider not only the value of the husband's estate, but also his income and his ability to earn money. *Gussman* v. *Gussman,* 140 Ind. 433; *Hedrick* v. *Hedrick,* 128 Ind. 522; *Glasscock* v. *Glasscock,* 94 Ind. 163. In such case, it is also proper to consider the value of the wife's separate property. *Morse* v. *Morse,* 25 Ind. 156; *Rourke* v. *Rourke,* 8 Ind. 427. The court may also take into consideration the conduct of the husband toward the wife. *Ifert* v. *Ifert,* 29 Ind. 473; *Graft* v. *Graft,* 76 Ind. 136.

The parties were young, and their only child was born after the abandonment. The wife had no property or means of her own for her support, and after the separation she lived with her parents, the husband having contributed to her small sums, aggregating about $50, between the separa-

Stutsman *v.* Stutsman.

tion, and the trial. At the birth of the child the mother suffered an injury, causing a permanent disability and necessitating a surgical operation, the surgeon's bill for which, amounting to $135, had not been paid. A bill for medical attendance upon the child, amounting to $3, also was unpaid. The appellant accused the appellee of adultery, and denied that he was the father of her child.

There was evidence to the effect that after the separation, and before the birth of the child, in response to her request for his return to her, he offered to do so if she would get rid of the child. He abandoned her because he suspected her of unchastity, and there was some evidence tending to establish a foundation for such suspicion, though the evidence most significant of such offense was contradicted by other evidence. There was evidence indicative of jealousy of each of the parties. The court solved the question as to whether or not there was sufficient reason for the separation, by finding the appellee entitled to a divorce, and we are not asked to disturb the decree of divorce. At the time of the trial, and for some months prior thereto, the appellant was earning about $15 per month, on an average, as a substitute letter-carrier, and he was in line of promotion to the place of letter-carrier, to which was attached a salary of $50 per month. At the time of the separation he had, besides such occupation of substitute carrier, some other occupations, and was earning from $40 to $50 per month. Testifying as a witness, and being asked whether during a period immediately preceding the separation he made enough money to support his wife,—to keep a family,—he answered, "Got along all right." At the time of the separation he owned some land, about one-half an acre, on which was a small house. The evidence tended to show that the land and house were worth from $150 to $250. At the time of the trial the house had been removed from the land, and the appellant owned only the land, worth, according to the evidence, about $50. This appears to be all the property owned by him, and

the most that can be said of his present ability to earn money is that he is capable of earning about $50 per month.

Upon consultation, we have concluded that the judgment for alimony in the sum of $1,000, under the circumstances of the case, can not be regarded reasonably as just and proper as to the amount thereof.

The judgment is affirmed, except as to the award of $1,000 as alimony. If within sixty days after the certification of this opinion and judgment to the court below, the appellee shall enter a remittitur for the sum of $500, then the judgment for alimony, so reduced, is affirmed; otherwise, the judgment for alimony is reversed, and as to that matter a new trial will be had. It is also adjudged that each party pay one-half of the costs in this court.