## UTTERBACK *v.* UTTERBACK.

[No. 20,728. Filed December 19, 1967. No Petition For Rehearing Filed.]

*Julius H. Sachs* and *Robert M. Hess,* of Hammond, for appellant.

*Philip M. Cagen,* and *William W. Anderson, Jr.,* of Valpariso, for appellee.

COOK, P. J.—This is an action for an absolute divorce brought by the appellee, Larry Utterback, against the appellant, Elizabeth Utterback.

The trial court's judgment granted appellee an absolute divorce, and awarded appellant custody of the minor child of the parties, gave the appellee reasonable rights of visitation, and ordered the appellee to pay $15.00 per week child support.

The sole issue before this court is whether the appellee was, under the evidence adduced, entitled to an absolute decree of divorce.

The parties were married on March 7, 1966, and had dated for at least five years prior to that date. The appellant was six months pregnant at the time of the marriage.

The appellee's complaint was based upon "cruel and inhuman treatment." We can find no evidence in the record which supports a finding that the appellant was guilty of such conduct.

The appellee admits that this was a "marriage of convenience," and that he had no intention of entering into a lasting relationship with the appellant.

The parties separated on the morning of March 8, 1966. The extent of their cohabitation in marriage was approximately twelve hours. During this short period of time the parties had what the appellee described as a "little argument" about the future religious affiliation of their unborn child. This was a continuation of a disagreement which began before the marriage. Both parties were unyielding on this subject. Under no circumstances could this "little argument" be considered "cruel and inhuman treatment."

"Cruel and inhuman treatment is a relative term and depends upon the circumstances of each particular case." *Heckman* v. *Heckman* (1956), 235 Ind. 472, 134 N. E. 2d 695.

In this case, the record is devoid of any evidence of cruel

and inhuman treatment by the appellant toward the appellee, and the divorce should not have been granted for that cause.

The appellee also urges that since this was a marriage of convenience, entered into, on his part, solely for the purpose of legitimizing the unborn child, the courts should allow the marriage to be dissolved without the requirement that the evidence meet one of the causes of Burns' Ind. Stat. § 3-1201.

At the conclusion of the evidence, the trial court said:

"I don't know whether the law provides for a marriage of convenience, or for a legal ground for divorce when it was entered into without the thought of making a marriage out of it."

The answer to the above expression of uncertainty is that there is no such provision. To allow a divorce on such grounds would require us to completely disregard the divorce laws enacted by our General Assembly, and the decisions of this court.

Section 3-1201 provides that, "Divorces may be decreed upon the application of the injured party for the following causes and no other:". Of the eight causes enumerated, nowhere do we find any which would allow a marriage to be dissolved because it was entered into when one party did not intend that it become a lasting relationship. If such a cause is to be added, it is a matter for the General Assembly to enact, and not for the courts to decide.

Finding that the appellee did not discharge the burden of proof required by law, the judgment is reversed.

Judgment reversed.

Bierly, Pfaff and Smith, JJ., concur.

NOTE.—Reported in 231 N. E. 2d 827.