WELLING *v.* WELLING.

[No. 1267-A-110. Filed March 5, 1969. Rehearing denied April 3, 1969. Transfer denied June 5, 1969.]

*Chalmer Schlosser, Jr.,* of Indianapolis, *Richard W. Adney,* of Lebanon, and *Albert W. Ewbank,* of Indianapolis, for appellant.

*John W. Donaldson,* of Lebanon, *John H. Baldwin,* of Indianapolis, for appellee.

SHARP, J.—This case represents the third attempt by the Appellee-Plaintiff, Donald F. Welling, to divorce himself from the Appellant-Defendant, Norma A. Welling. The first divorce case was filed by the Appellee in the Marion Circuit Court on August 16, 1965, on the grounds of cruel and inhuman treatment and resulted in a judgment denying the Appellee a divorce entered on November 4, 1965. On November 12, 1965, the Appellee filed his second divorce action against the Appellant in Marion Superior Court, Room 5, which was later venued to the Johnson Circuit Court and resulted in a judgment entered August 18, 1966, denying Appellee a divorce. The second action for divorce was also based upon cruel and inhuman treatment. Additionally, on

October 26, 1966, the Appellant filed a non-support action under Section 38-117, Burns' Indiana Statutes Annotated (1949 Replacement) and named Appellee plus General Motors Corporation, and by later amendment, Indiana National Bank of Indianapolis, and Metropolitan Life Insurance Company, as parties defendant.

This instant action was commenced by the Appellee in Superior Court of Marion County, Room 7, on November 30, 1966, and was later venued to the Boone Circuit Court. The grounds alleged in this action were cruel and inhuman treatment in that Appellant "has accused him falsely of failing to provide for her, has attempted to interfere with his employment by making false accusations to Plaintiff's employer; has attempted to make said employer a party Defendant to their marital strife." The Appellee filed an answer in two legal paragraphs; the first, an admission and denial under Supreme Court Rule 1-3. The second paragraph of answer generally set out the pleadings and judgments in the two previous divorce actions brought by the Appellee. The Appellant filed a reply to the second paragraph of answer based generally on res judicata and estoppel. On August 1, 1967, the Boone Circuit Court entered the following judgment:

> "Comes now the parties in person and by counsel on this 9th day of June 1967, before the Honorable Charles F. Thompson, the regular presiding Judge of this Court, and this cause having been set for trial this date, upon the issues formed by the plaintiff's complaint for divorce, and the defendant's answer thereto; and the reply of the plaintiff, and this cause is submitted and evidence is heard and this Court after hearing the argument of counsel, and the parties rest, and this Court being duly advised in the premises takes this case under advisement.

> And this Court, after due consideration of the matters herein now finds: That the plaintiff is a resident of the State of Indiana and of the County of Marion, as required by statute. The Court further finds that the plaintiff, Donald G. Welling, is entitled to a decree of absolute di-

vorce from the defendant effective this date. That the defendant has been guilty of cruel and inhuman treatment towards said plaintiff, during said marriage relationship. The Court further finds that the three children born of this marriage are now all emancipated and are married and have homes of their own. That during said marriage relationship, these parties became owners of real and personal property and the plaintiff has requested that these parties rights and interest therein be determined by this Court.

And this Court finds that the real estate owned by said parties as husband and wife, and known as Lot No. 96 in Bullman Heights Addition, and Addition to the City of Indianapolis, as recorded in Plat Book 21 page 218, in the office of the Recorder of Marion County, Indiana, also known as 235 North Basil Street, Marion County, Indiana should now become the sole and separate property of the defendant Norma A. Welling, and that the plaintiff should convey any and all interest he has therein to her, within thirty days from date. The Court further finds that all of the household goods, furnishings and fixtures in said realty should become the sole property of the defendant Norma A. Welling.

The Court further finds that all other personal property of this marriage should now become the sole and separate property of the plaintiff, Donald F. Welling.

The Court further finds that the defendant, Norma A. Welling, should receive an alimony award in the sum of Fifteen ($15) Dollars per week for a period of two years, beginning on the 4th day of August 1967, and continuing until the 4th day of August, 1969, the same to terminate at once however, in case of the death or remarriage of the defendant during said time that the plaintiff shall be responsible to pay said alimony award to the defendant, and without bond.

The Court further finds that upon the defendant's pendente lite application for attorney fees herein, that an additional sum of Six Hundred ($600) Dollars should be awarded to the defendant's attorneys Chalmer Schlosser, Jr., and Richard Adney, and that the plaintiff should pay said fees to said attorneys within thirty days hereof.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED By this Court that the plaintiff be and hereby is granted a divorce from the defendant effective this date

and the bonds of matrimony between said parties are hereby dissolved.

The Court further orders that the plaintiff convey all of his right, title and interest in these litigant's realty locaed in Marion County, Indiana, known as 235 North Basil Street, or Lot 96 in Bullman Heights Addition, an addition to the City of Indianapolis, the plat of which is recorded in Plat Book 21 page 218 in the office of the Recorder of Marion County, Indiana, to the defendant, Norma A. Welling, and within thirty (30) days from date hereof; and upon his failure so to do, the Court appoints, John H. Baldwin, 901 First Federal Building, Indianapolis, Indiana to then convey said premises to said defendant, as Commissioner herein. The Court further orders that all of the household goods, furnishings and fixtures in said realty is now vested in the defendant Norma A. welling, as her sole and separate property.

The Court further orders that all remaining personal property of said marriage is now vested in the plaintiff, Donald F. Welling, as his sole and separate property, free from any claim or interest of the defendant.

It is further ordered by the Court, that the defendant recover from the plaintiff, alimony, in installments of Fifteen Dollars per week, beginning on the 4th day of August, 1967, and continuing to the 4th day of August, 1969 however, the same shall terminate at once upon the death of the defendant or upon her remarriage.

The Court further orders the plaintiff to pay unto the attorneys for the defendant the sum of $600.00 additional fees and within thirty (30) days from date. The costs of this action are taxed against the plaintiff. Dated this 1st day of August, 1967. Charles F. Thompson, Judge."

A Motion for New Trial and Supplemental Motion for New Trial, generally contended the decision was not sustained by sufficient evidence, was contrary to law and that errors in excluding and admitting certain evidence and award and division of property constituted an abuse of discretion. Both the Motion for New Trial and Supplemental Motion for New Trial were overruled and such ruling is the sole assignment of error here.

Although there are several specifications of error, the most fundamental is the sufficiency of the evidence to support the grounds of cruel and inhuman treatment. Any misconduct by the appellant must have occurred after August 18, 1966, and before November 30, 1966, to form the basis for this divorce action. See *Hartleroad v. Hartleroad,* 142 Ind. App. 147, 233 N. E. 2d 250 (1968). We must construe any such evidence in favor of the Appellee. The parties were married in 1936 and their three children are all married or emancipated. The Appellant has spent her adult life as a housewife and mother and has done some baby-sitting. The parties during their marriage have accumulated certain property. The sole basis for this divorce action by Appellee is the fact that Appellant filed the non-support action against the Appellee and other defendants, on October 26, 1966, and amended it February 1, 1967. The amendment to the support action filed February 1, 1967, joined as new and additional Defendants thereto the Indiana National Bank and Metropolitan Life Insurance Company. The substance of the support action was that Appellee had deserted the Appellant without cause on August 14, 1965, and had failed to provide adequate support for her. It also alleged Appellee failed to pay certain taxes on real and personal property and to pay certain medical bills for Appellant. It also generally alleged that the other additional Defendants to the support action were in possession and control of certain property of Appellee. The Appellee's employer, General Motors Corporation, was made a party to the original support action brought by the Appellant and soon thereafter Appellee was called to the personnel office and questioned about it which he contends embarrassed him. It must be emphasized that the grounds of the Appellee for divorce are based solely on the filing of the non-support case by the Appellant and the allegations made therein and the embarrassment resulting therefrom.

Taking this evidence most favorable to the Appellee it is necessary to determine whether or not there was sufficient evidence as a matter of law of cruel and inhuman treatment. Courts have many times been confronted with the necessity of finding that evidence did or did not constitute cruel and inhuman treatment. There has developed an accepted, if not workable, definition of cruel and inhuman treatment, which definition is stated in *Prouty v. Prouty*, 121 Ind. App. 200, 205, 98 N. E. 2d 380 (1951), as follows:

> "The cases announce the rule that unwarranted and unjustifiable conduct on the part of the defendant which causes the other spouse to endure suffering and distress and thereby destroys peace of mind and makes living with such other spouse unbearable completely destroying the real purpose and objects of matrimony, constitutes . . . cruel and inhuman treatment."

This court has held that the standards of conduct which constitute cruel and inhuman treatment are not rigid but elastic. Each case must be decided upon its own facts and circumstances. *Waid v. Waid*, 117 Ind. App. 4, 66 N. E. 2d 907 (1946); *Stewart v. Stewart*, 175 Ind. 412, 94 N. E. 564 (1911).

This court, and all review courts, have been, and properly so, reluctant to overrule a finding by a trial court when there is any evidence to support it. *Heckman v. Heckman*, 235 Ind. 472, 134 N. E. 2d 695 (1956). We reaffirm this rule. This position was stated by this court in 1962 in *Shireman v. Shireman*, 133 Ind. App. 699, 184 N. E. 2d 905 (1962). In that case the wife filed an application for the inquiry into the mental health of her husband under Burns' Indiana Statutes Annotated, Section 22-4701, and although the application was defective on its face, a warrant was issued for his arrest and he was held in custody for two nights before securing his release by order of the Circuit Court. There was also evidence of a long series of occurrences between the parties including violent quarrels,

threats and accusations. This court stated that the husband had been deprived of his liberty by a flagrant *abuse of process* and that the filing of such application was cruel and inhuman treatment. This court also laid down guidelines that have direct application to this case. At page 706 of 133 Ind. App. this court stated:

"In the states of Maine, Nebraska, New York, Oregon and Pennsylvania it has been held or recognized that a spouse's procurement or attempted procurement of the commitment of the other spouse to a mental institution may, where made in bad faith, constitute grounds for divorce. Anno., 33 A. L. R. 2d 1234 and cases cited. If such efforts are made in good faith and in an honest endeavor to aid a spouse mistakenly believed to have been in need of such treatment, there is no ground for divorce. Anno., 33 A. L. R. 2d 1231 and cases cited. We believe this should be the law in Indiana"

Inherent in the *Shireman* decision is the principle that had there been no evidence of bad faith, the bringing of the commitment action would have been insufficient grounds for divorce.

Burns' Indiana Statutes Annotated, Section 3-1201, lists eight causes for which, and only which, a divorce may be granted. It has been held that these are the exclusive grounds. The legal causes of divorce specified in the statute are binding on the courts and they cannot diminish nor increase them. *State v. Brown,* 213 Ind. 118, 11 N. E. 2d 679 (1937). *Utterback v. Utterback,* 141 Ind. App. 684, 231 N. E. 2d 827 (1967). This restriction is founded on the underlying policy that divorces are not to be granted for trivial or inconsequential reasons because of the inherent value of maintaining the marital relationship. *Summers v. Summers,* 179 Ind. 8, 100 N. E. 71 (1912). *Haverstock v. Haverstock,* 246 Ind. 426, 206 N. E. 2d 368 (1965).

Balanced against this duty to see that the statutory grounds are present is the above-mentioned reluctance of a review court to reverse a finding of the trial court where *some* evi-

dence of cruel and inhuman treatment was presented to it and it had the physical presence of the parties before it. *Heckman v. Heckman, supra.*

Guided by these considerations, we find that a close examination of the evidence present and the applicable law must result in a reversal of this judgment.

There is no evidence in this record from which the trial court could have determined that the wife's action in bringing the support action was malicious or in bad faith. To the contrary, the Appellee's own admission on cross examination is relevant:

> "Q. So at the time of October the 26th when you claimed you were embarrassed by this false allegation of not supporting your wife you hadn't actually supported her from January of that year at any time until October 26th, [1966] is that correct?
>
> A. That is correct."

Further, Appellee in his original complaint helps us here. He alleged that:

> ". . . defendant has been guilty of many and various acts of cruel and inhuman treatment towards this plaintiff, and among other things has accused him falsely of failing to provide for her . . ."

Although the Appellee did not allege that these accusations were malicious or in bad faith, we are aware that the pleadings would be assumed to be amended to conform with any evidence presented of malice or bad faith. However, the important point is that no evidence of such maliciousness or bad faith was present. Further, the presence of some evidence which would justify an inference that the charge of non-support was false is not sufficient.

Without these elements of maliciousness or bad faith there could be no grounds for divorce. As noted, this court held in *Shireman, supra,* that the bringing of an action for a com-

mitment to a mental institution would be grounds for divorce if such efforts were not made in good faith. The Supreme Court of Michigan has directly ruled on the question of whether or not the bringing of a *support action* was grounds for divorce and these authorities are helpful. In *Beckman v. Beckman,* 209 Mich. 628, 177 N. W. 143 (1920) the wife brought an action against the husband charging him with non-support. The husband sued for divorce alleging that the institution of this non-support proceeding constituted extreme cruelty. At page 146 of 177 N. W. the court stated:

> "In order to be guilty of extreme cruelty it must appear that the charges made by defendant *were not only false, but were malicious.* Statements made in good faith, *charging failure to support,* or abandonment, do not constitute extreme cruelty." (Our emphasis.)

The principle was followed by that court in *Chase v. Chase,* 332 Mich. 439, 52 N. W. 2d 177 (1952).

We believe that the bad faith requirement of *Shireman* is correct and that it should be applied, as it was by the Supreme Court of Michigan, to actions brought for non-support.

Although we do not intend to change those established principles which restrict a reviewing court's intrusion into the trial court's domain of finding facts and weighing evidence, we cannot hold that the single act of bringing a support action is cruel and inhuman treatment where there is no showing that the charge was made in bad faith or was malicious or unjustified and where there is a complete absence of any other conduct which could constitute such cruel and inhuman treatment. The Legislature of this State has enacted strict restrictions upon the granting of a divorce and these restrictions preclude us from upholding the granting of a divorce to a man who has twice failed on other grounds and attempts a third time on the basis of his obvious unilateral desire for a divorce and a lawful action for support brought by a wife.

Cause reversed there being insufficient evidence in this record of cruel and inhuman treatment. Costs taxed against the Appellee.

Judgment Reversed.

Hoffman, J., White, J., and Pfaff, C. J., concur.

NOTE.—Reported in 245 N. E. 2d 173.