IDA CADEN v. DAVID B. CADEN.

[No. 272A72. Filed June 21. 1972.]

*Robert H. Duffy,* of Terre Haute, for appellant.

*Warren R. Everett,* of Terre Haute, for appellee.

LYBROOK, J.—Plaintiff-appellee sued defendant-appellant for divorce. Appellant filed a cross-complaint for limited divorce. The trial court found for appellee upon his complaint and against appellant on her cross-complaint, granting appellee an absolute divorce and making a full division of the property of the parties, including an award of alimony to the appellant.

In her Motion to Correct Errors appellant contends: (1) The amount of alimony awarded by the court is inadequate and (2) The decision is not supported by sufficient evidence in that plaintiff did not prove her to be guilty of cruel and inhuman treatment.

Appellant has obviously, and apparent intentionally, waived Specification 1 relating to the inadequacy of the alimony judgment, stating in her brief: "This issue is not being pressed, except as it is necessarily involved in the other issue, which is, 'Did the plaintiff make a divorce case?' "

Appellate Rule 8.3 (A) (6) (7) requires that appellant's brief contain a brief summary of the argument. None appears in appellant's brief herein. The rule further requires that each error assigned in the Motion to Correct Errors "shall be set forth specifically and followed by the argument applicable thereto." Any error alleged in the Motion to Correct Errors not treated in the brief as directed by the rule shall be deemed waived.

This court has previously pointed out the necessity for adherence to this rule. *Conley* v. *Lothamer* (1971), 150 Ind. App. 356, 276 N. E. 2d 602.

In reviewing appellant's second contention that the evidence is insufficient to show cruel and inhuman treatment,

it is fundamental that we must construe the evidence in a manner most favorable to the sustaining of the trial court's decision. *Welling* v. *Welling* (1969), 144 Ind. App. 182, 245 N. E. 2d 173.

The evidence of cruel and inhuman treatment most favorable to appellee, was that the parties separated on June 21, 1969 after approximately 26 years of marriage. Prior to the time that plaintiff moved out of the house defendant had gone on a trip to Israel where she stayed approximately six weeks. During that period plaintiff testified that he received one letter from her. When defendant returned from Israel she neither notified plaintiff of her arrival nor returned home, but went to her daughter's home in Chicago.

Plaintiff stated that their residence was not a home but "a place to hang your hat" and that, "The country club was more important and eating out was more important and everything was more important that I was." The parties argued over many things, *e.g.*, she wanted to belong to the "Phoenix Club" but he thought they didn't have the money. Defendant, herself, stated that the basis of their quarrels was money and that their arguments included disagreement over their personal finances and how the merchandising business should be operated. Apparently, she objected to his smoking in the house; plaintiff testifying, "I'd smoke a cigar in the house even I got this fresh air boom with a bomb." [sic]

Plaintiff contended that his wife falsely accused him, on more than one occasion, of having affairs with other women. She testified that there had been anonymous phone calls suggesting this and that they had discussed the subject but that she was convinced that in fact he had not been unfaithful. On one occasion the parties discussed an overdue account receivable of about $500.00 and the efforts to collect it and she commented "Must be something going on."

Defendant testified that she went to Israel because of their problems. The evidence showed that at time of trial

the parties had been separated about 18 months and that no effort at reconciliation had been made.

While the evidence is not overwhelming, it is not the function of this court to weigh it. The weight of the evidence and credibility of the witnesses is for the trial judge to determine, as stated in *Woodcox* v. *Woodcox* (1964), 136 Ind. App. 275, 200 N. E. 2d 231:

> "The appellant invites us to weigh the evidence on the grounds that the testimony most favorable to the appellee is such as not to be believed and that it is without substantial probative value. This we will not do as it is the general rule that the weight of the evidence and the credibility of the witnesses are for the trial court and not for the appellate tribunal to determine. See § 2786, Flanagan, Wiltrout & Hamilton's, Indiana Trial and Appellate Practice. Both the Supreme Court and our court have, in many cases, stated, in substance, that the appellate tribunal only has the cold record before it and that the opportunities of the trial court are so vastly superior to those of the reviewing court in that they are able to see the witnesses face to face, to observe their conduct, appearance and demeanor on the witness stand and thus judging all their intelligence, fairness and candor and many other means of weighing evidence that the reviewing court cannot have. See *Heckman* v. *Heckman* (1956), 235 Ind. 472, 134 N. E. 2d 695."

In *Welling* v. *Welling, supra,* the court stated:

> "This court has held that the standards of conduct which constitute cruel and inhuman treatment are not rigid but elastic. Each case must be decided upon its own facts and circumstances. *Waid* v. *Waid* (1946), 117 Ind. App. 4, 66 N. E. 2d 907; *Stewart* v. *Stewart* (1911), 175 Ind. 412, 94 N. E. 564.
>
> "This court, and all review courts, have been, and properly so, reluctant to overrule a finding by a trial court when there is any evidence to support it. *Heckman* v. *Heckman* (1956), 235 Ind. 472, 134 N. E. 2d 695. We reaffirm this rule."

In a recent opinion, Judge Hunter shed new light upon the old standards for evaluating cruel and inhuman treatment.

In *O'Connor* v. *O'Connor* (1969), 253 Ind. 295, 253 N. E. 2d. 250, he said:

> "It would thus appear to this court that the application of recrimination as an absolute bar to divorce is no longer defensible. Likewise the wholesale granting of divorce will not be in the best interests of the community and will not be sanctioned by this court. Consequently, where the evidence shows that both parties have committed marital offenses it shall be within the sound discretion of the trial court to determine whether a divorce should be granted. Where the divorce is contested, the court shall determine if a divorce should be granted and to which party."

In the case at bar the trial court was warranted in granting a divorce under the evidence. Finding no error, the judgment is affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported in 283 N. E. 2d 804.